1   Rona P. Layton (SBN: 121238)
    LAYTON LAW FIRM
2   111 N. Market Street, #300
    San Jose, CA 95113
3   (408) 892-9870
    rlayton@laytonlawfirm.com
4
    Attorneys for Defendant
5   Almaden RV

6

7

8

9                           UNITED STATES DISTRICT COURT

10                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                               SAN JOSE DIVISION

12

13   RAY GUERRERO,                       |   CASE NO.

14               Plaintiff,                   |   [Formerly California Superior Court, Santa
                                            |   Clara County, Case No. 113CV242861]
15   v.
                                          |   NOTICE OF REMOVAL
16   ALMADEN RV and DOES 1 through 10,
    inclusive,

17               Defendants.

18

19

20         Defendant Almaden RV hereby removes Case No. 113CV242861 from the Superior Court of

21   the State of California, County of Santa Clara, to the United States Districy Court for the Northern

22   District of California pursuant to 28 U.S.C. §§1331, 1441, and 1446, and as grounds for its removal

23   states as follows:

24                             STATEMENT OF THE CASE

25   1.       On March 14, 2013, Plaintiff Ray Guerrero filed a Complaint in the Superior Court of

26   California, County of Santa Clara, entitled *Ray Guerrero v. Almaden RV and Does 1 through 10*,

27   Case No. 113CV242861 (the "State Court Action"). A copy of the Complaint, with Exhibits, is

28   attached as Exhibit A.

Defendant's Notice of Removal               1

1  2.        Almaden RV was served with the summons and Complaint on March 18, 2013.

2  3.        The Complaint purports to assert eight causes of action, namely: a)Violation of California

3  Fair Employment and Housing Act § 12940(m); b) Violation of California Fair Employment and

4  Housing Act § 12940(n); c) Violation of California Fair Employment and Housing Act § 12940 et

5  seq.; d) Violation of California Labor Code § 226; e) Violation of California Labor Code § 510 and

6  Wage Order 4-2001; Violation of California Labor Code § f) Violation of California Labor Code §

7  2698 et seq.; g) Violation of California Labor Code §§ 221 and 300; and h) Violation of RICO, 18

8  U.S.C. § 1962. All the claims stem from Guerrero's employment with Almaden RV.  Guerrero

9  asserts that he was injured on the job and was not provided a reasonable accommodation. He claims

10  that Almaden RV knowingly employed undocumented workers (in violation of the Immigration and

11  Naturalization Act, 8 U.S.C. § 1324) to perform work that he could have performed with his medical

12  restrictions as an accommodation.

13                    FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331

14  4.        This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the eighth cause

15  of action is brought pursuant to a federal law, RICO, 18 U.S.C. § 1962 (and as related to 8 U.S.C. §

16  1324).

17  5.        This Court has supplemental jurisdiction over the other causes of action in this matter under

18  28 U.S.C. § 1367(a) as all claims arise from Guerrero's employment with Almaden RV.

19            ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

20  6.        Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders,

21  and documents from the State Court Action which have been served upon Almaden RV are being

22  filed with this Notice of Removal.

23  7.        This Notice of Removal has been filed within 30 days of the date that Almaden RV was

24  served with the summons and the Complaint in this matter.  Removal is therefore timely in

25  accordance with 28 U.S.C. § 1446(b).

26  8.        Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S.

27  District Court for the Northern District of California, San Jose Division, is the federal district court

28  embracing the Superior Court of the State of California, County of Santa Clara, where the State

Defendant's Notice of Removal                    2

1 | Court Action was originally filed.

2 | CONCLUSION

3 | By this Notice of Removal, Almaden RV does not waive any objections it may have as to

4 | service, jurisdiction or venue, or any other defenses or objections it may have to this action.

5 | Almaden RV intends no admission of fact, law or liability by this Notice, and expressly reserves all

6 | defenses, motions, and/or pleas.

7 |                                                   LAYTON LAW FIRM

9 | Dated: ___4|17|13___          By: _____Rona Layton_____
                                       RONA P. LAYTON
10 |                                    Attorneys for Defendant
                                       ALMADEN RV

Defendant's Notice of Removal                    3

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Almaden RV and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ray Guerrero

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER:
(Número del Caso):

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
Downtown
191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William L. Marder    (Bar # 170131)
POLARIS LAW GROUP LLP, 501 San Benito Street, Suite 200, Hollister, CA 95023

Fax No.: (831) 634-0333
Phone No.: (831) 531-4211

DATE: MAR 1 4 2013    Clerk, by _____ , Deputy
*(Fecha)*    DAVID H. YAMASAKI    *(Secretario)*    *(Adjunto)*
Chief Executive Officer/Clerk

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ___ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Almaden RV

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other (specify): unknown business entity

4. ☒ by personal delivery on (date): 3·18·13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

1  WILLIAM L. MARDER, ESQ. (CBN 170131)
   Polaris Law Group LLP.
2  501 San Benito Street, Suite 200
   Hollister, CA 95023
3  Tel: (831) 531-4214
   Fax: (831) 634-0333
4  Email: bill@polarislawgroup.com

5
   Attorneys for Plaintiff Ray Guerrero
6

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF SANTA CLARA

11

12  RAY GUERRERO,                    ) Case No.:
                                     )
13                                   ) **COMPLAINT FOR DAMAGES**
                                     )
14            Plaintiff,             )
                                     )
15     v.                            )
                                     ) **UNLIMITED CIVIL**
16  ALMADEN RV and DOES 1 through 10,)
    inclusive,                       )
17                                   )
             Defendants.             )
18                                   )
                                     )
19                                   )

20

21     Plaintiff Ray Guerrero ("Guerrero") alleges:

22                       **FIRST CAUSE OF ACTION**
       **(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE**
23     **SECTION 12940(m)—FAILURE TO ACCOMMODATE PHYSICAL DISABILITY)**

24     1.    Defendant Almaden RV ("Almaden") operates a business in Santa Clara County,

25  California.

26

27  _____
                                1
28                     COMPLAINT FOR DAMAGES

    C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

1     2.    Plaintiff was an employee of Almaden, employed in Santa Clara County

2  California.

3     3.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein

4  as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.

5  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named

7  Defendants is responsible in some manner for the acts or omissions herein alleged, and that

8

9  Plaintiff' injuries as herein alleged were proximately caused by the acts or omissions.

10    4.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

11 herein, the Defendants and each of them, were the agents and employees of each of the

12 remaining Defendants, and in doing the things hereinafter alleged, were acting within the

13 course and scope of their authority as such agents and employees with the permission and

14

15 consent of their co-Defendants.

16    5.    Plaintiff began employment with Almaden on or about March of 2011. Plaintiff

17 worked as a technician, repairing recreational vehicles. Plaintiff was paid $22.00 per hour.

18 Almaden has approximately eleven employees.

19    6.    On January 20, 2012, plaintiff suffered an on-the-job injury to his left shoulder.

20    7.    In June of 2012, plaintiff's doctor imposed work restrictions, limiting his lifting to

21 a maximum of fifty pounds.

22    8.    Almaden ignored plaintiff's restrictions. Almaden directed plaintiff to pull wheels

23 off an RV. The wheels weighed more than fifty pounds. Additionally, plaintiff had to remove

24 an ABS module, which also weighed more than fifty pounds. Plaintiff complained to Chris

25 Caprino, the owner. Mr. Caprino refused to let plaintiff continue to work. There was work

26 available which would have accommodated plaintiff's restrictions, but Mr. Caprino refused to

27

2

28 COMPLAINT FOR DAMAGES

C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

provide it to plaintiff. Instead, Mr. Caprino gave this work to undocumented workers because they were willing to do the work for less money. Thus, in June of 2012, plaintiff was completely off work.

9.    In November of 2012, plaintiff had a surgery for his left shoulder.

10.    In January of 2013, plaintiff returned to work. Plaintiff returned with a restriction, limiting his lifting to a maximum of 25 pounds. Again, Mr. Caprino directed plaintiff to do work which exceeded his lifting restriction.

11.    On January 18, 2013, plaintiff was fired. The true reason for the termination is the Almaden did not want to accommodate plaintiff's work restrictions.

12.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's injury, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

13.    The actions alleged above, caused Plaintiff to be denied a reasonable accommodation based on physical disability in violation of the Fair Employment and Housing Act. Defendants had actual knowledge of the intolerable conditions caused by the acts alleged above, but failed to take any steps to end those conditions.

14.    Defendant's failure to provide a reasonable accommodation to Plaintiff's physical disability, as alleged above, constituted unlawful discrimination in employment on account of disability, in violation Government Code Sections 12940.

15.    As a proximate result of Defendant's failure to accommodate Plaintiff's physical disability, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation,

3

COMPLAINT FOR DAMAGES

C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

mental anguish, and emotional and physical distress.  As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

16.   The above-recited actions of defendant were done with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's rights under the Fair Employment and Housing Act.

17.   Within one year of the dates of discrimination herein alleged against Plaintiff by Defendant, Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (DFEH).  A copy of this charge is appended here, marked "Exhibit 1," and is incorporated by this reference as though fully set forth.

18.   Within one year of the dates of discrimination herein alleged against Plaintiff by Defendant, the DFEH issued to Plaintiff a notice of right to bring a civil action based on the charge that is "Exhibit 1" to this complaint.  A copy of this notice of right of action is appended hereto, marked "Exhibit 1," and is incorporated by this reference as though fully set forth.

## SECOND CAUSE OF ACTION
### (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE SECTION 12940(n)—FAILURE TO ENGAGE IN INTERACTIVE PROCESS)

19.   Plaintiff realleges and incorporates by reference all allegations contained in the above paragraphs 1 through 18, inclusive, of the First Cause of Action.

20.   Defendant never entered into the interactive process required by Government Code § 12940(n).

21.   Defendant's failure to engage in an interactive process, as alleged above, constituted unlawful discrimination in employment on account of disability, in violation Government Code Sections 12940(n).

4

COMPLAINT FOR DAMAGES

C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

22.     As a proximate result of Defendant's failure to engage in the interactive process, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress.  As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

23.     The above-recited actions of defendant were done with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's rights under the Fair Employment and Housing Act.

## THIRD CAUSE OF ACTION
### (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE SECTION 12940 ET. SEQ.—DISABILITY DISCRIMINATION)

24.     Plaintiff realleges and incorporates by reference all allegations contained in the above paragraphs 1 through 23, inclusive.

25.     Defendant's failure to provide a reasonable accommodation to Plaintiff's physical disability and defendant's decision to terminate Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of disability, in violation Government Code Section 12940.

26.     As a proximate result of Defendant's disability discrimination, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress.  As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

27.     The above-recited actions of defendant were done with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's rights under the Fair Employment and Housing Act.

28.     Within one year of the dates of discrimination herein alleged against Plaintiff by Defendant, Plaintiff filed a charge of discrimination with the California Department of Fair

5

COMPLAINT FOR DAMAGES

1  Employment and Housing (DFEH). A copy of this charge is appended here, marked "Exhibit 1,"

2  and is incorporated by this reference as though fully set forth.

3      29.    Within one year of the dates of discrimination herein alleged against Plaintiff by

4  Defendant, the DFEH issued to Plaintiff a notice of right to bring a civil action based on the

5  charge that is "Exhibit 1" to this complaint. A copy of this notice of right of action is appended

6  hereto, marked "Exhibit 1," and is incorporated by this reference as though fully set forth.

7                      **FOURTH CAUSE OF ACTION**

8      **(VIOLATION OF RECORD KEEPING REQUIREMENTS--LABOR CODE § 226)**

9      30.    Plaintiff realleges and incorporates by reference all allegations contained in the

10  above paragraphs 1 through 29, inclusive.

11     31.    Labor Code Section 226 requires that plaintiff be given, at the time of payment of

12  wages, but no less frequently than semi-monthly, an accurate written itemized statement showing

13  amongst other things gross wages earned, total hours worked by a non-exempt employee, all

14  applicable hourly rates in effect during the pay period and the corresponding number of hours

15  worked at each hourly rate by the employee.

16     32.    The employer issued pay statements that were defective in two respects.

17     33.    One, Guerrero and all of the employees were paid with a business check on their

18  paydays. Paydays were weekly. However, Guerrero and the other employees were never

19  provided pay statements as a *detachable* part of the check. This is a violation of Labor Code §

20  226(a).

21     34.    Two, Guerrero had two Saturdays where he worked five hours on each day.

22  Guerrero was paid $125 in cash on both days. Guerrero never received anything memorializing

23  these hours. Also, other employees of the employer worked on Saturdays for cash without

24  receiving anything memorializing these hours. The employer did not have the employees punch

25  in or punch out on the time clock for this Saturday work. Because of this Saturday work which

26

27                                  6

28                      COMPLAINT FOR DAMAGES

C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

was paid in cash, Guerrero and his co-workers were issued pay statements that were inaccurate in the following respects: (1) the total hours worked was inaccurate in violation of Labor Code § 226(a)(2) because the pay statements that were issued did not reflect the hours worked on Saturday; (2) the gross wages earned was inaccurate in violation of Labor Code § 226(a)(1) because the money paid for the Saturday work was not identified on the pay statements; and (3) because the Saturday work was paid at a different hourly rate, the pay statements failed to identify all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(9).

35.     Pursuant to Labor Code section 226(e), in addition to any other relief plaintiff is entitled, plaintiff is entitled to fifty dollars ($50) for the initial pay period in which such violation occurred and one hundred dollars for each subsequent pay period, not to exceed $4,000 for each plaintiff. Labor Code section 226(e) further entitles plaintiff to an award of attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA LABOR CODE § 510 AND SECTION 3 OF THE WAGE ORDER—FAILURE TO PAY OVERTIME)

36.     Plaintiff realleges and incorporates by reference all allegations contained in the above paragraphs 1 through 35, inclusive.

37.     In California, the Industrial Welfare Commission ("IWC") has the duty of ascertaining wages, hours, and working conditions in various occupations and industries, investigating the comfort, health, safety, and welfare of employees, and fixing minimum wages, maximum hours of work, and standard conditions of labor. The IWC has promulgated Wage Order 4-2001, governing wages, hours and working conditions in for employees performing

7

C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

professional, technical or clerical job functions ("the Wage Order"). Plaintiff's employment with Defendant was covered by the Wage Order.

38.    On the two days when Guerrero worked on the Saturdays, he was not paid time and a half. The Saturday work caused his workweek to exceed forty hours. Likewise, the other employees who did the Saturday work were not paid time and a half. This is a violation of Labor § 510.

39.    Plaintiff was not employed in an administrative, executive or professional capacity and his job duties did not meet the test for qualifying for an exemption from overtime compensation.

40.    California Labor Code §510 and Section 3 of the Wage Order require an employer to pay a non-exempt employee overtime at the rate of one and one half times her regular rate of pay for all hours worked in excess of eight in a workday or forty in a workweek.

41.    Plaintiff worked more than eight hours per day and/or forty hours per week, without being paid overtime as required by Labor Code §510 and Section Three of the Wage Order.

## SIXTH CAUSE OF ACTION
## PRIVATE ATTORNEY GENERAL ACT OF 2004
### (Violation of California Labor Code § 2698 et. seq)

42.    Plaintiff realleges and incorporates by reference all allegations contained in the above paragraphs 1 through 41, inclusive.

43.    Plaintiff is an "aggrieved employee" as defined in Labor Code section 2699(a). Plaintiff brings this cause of action on behalf of himself and other current and former employees of defendants affected by the labor law violations alleged in this complaint.

44.    The employer has engaged in the following violations.

**Defective Pay Statements**

8

COMPLAINT FOR DAMAGES

45.   The employer issued pay statements that were defective in two respects.

46.   One, Guerrero and all of the employees were paid with a business check on their paydays. Paydays were weekly. However, Guerrero and the other employees were never provided pay statements as a *detachable* part of the check. This is a violation of Labor Code § 226(a).

47.   Two, Guerrero had two Saturdays where he worked five hours on each day. Guerrero was paid $125 in cash on both days. Guerrero never received anything memorializing these hours. Also, other employees of the employer worked on Saturdays for cash without receiving anything memorializing these hours. The employer did not have the employees punch in or punch out on the time clock for this Saturday work. Because of this Saturday work which was paid in cash, Guerrero and his co-workers were issued pay statements that were inaccurate in the following respects: (1) the total hours worked was inaccurate in violation of Labor Code § 226(a)(2) because the pay statements that were issued did not reflect the hours worked on Saturday; (2) the gross wages earned was inaccurate in violation of Labor Code § 226(a)(1) because the money paid for the Saturday work was not identified on the pay statements; and (3) because the Saturday work was paid at a different hourly rate, the pay statements failed to identify all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(9).

## Overtime

48.   On the two days when Guerrero worked on the Saturdays, he was not paid time and a half. The Saturday work caused his workweek to exceed forty hours. Likewise, the other employees who did the Saturday work were not paid time and a half. This is a violation of Labor § 510.

## Statutes Violated

9

COMPLAINT FOR DAMAGES

C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

49.     The above described conduct is in violation of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 510, and 2699.

50.     Pursuant to Labor Code Section 2699(a), in addition to the statues identified above, Guerrero will seek penalties pursuant to Labor Code § 203, 210, 226, 226.3, 558, and/or 2699.

51.     Pursuant to Labor Code Section 2699 et. seq., plaintiff gave written notice by certified mail to Defendant and the Labor and Work Force Development Agency of the factual and legal basis for the labor law violations alleged in this complaint.  True and correct copies of the relevant documents are attached to this Complaint as Exhibit 2.

## SEVENTH CAUSE OF ACTION
## UNAUTHORIZED DEDUCTIONS
### (Violation of California Labor Code §§ 221 and 300))

52.     Plaintiff realleges and incorporates by reference all allegations contained in the above paragraphs 1 through 51.

53.     Defendant advanced plaintiff money and then took the money out from future paychecks.

54.     These deductions sometimes exceeded fifty percent of plaintiff's gross pay in violation of Labor Code § 300(c).  On several occasions, the employer took plaintiff's whole paycheck towards repayment of the loans.

55.     There was no written agreement for these loans.

56.     Additionally, the assignment of plaintiff's wages was not authenticated by a notary public in violation of Labor Code § 300(b)(6).

57.     Also, the assignment was not accompanied by an itemized statement of the amount then due to defendant in violation of Labor Code § 300(b)(6).

10

COMPLAINT FOR DAMAGES

58.   Also, the assignment violated Labor Code § 300(h) because the assignment was made prior to the time plaintiff had earned the wages.

59.   Also, the assignment violated Labor Code § 300(b)(2) because plaintiff is married and defendant did not obtain the written consent of plaintiff's wife.

## EIGHTH CAUSE OF ACTION
## (VIOLATIONS OF RICO 18 U.S.C. § 1962)

60.   Plaintiff realleges and incorporates by reference all allegations contained in the above paragraphs 1 through 59.

61.   Throughout plaintiff's' employment with defendant, defendant knowingly hired knowingly hired undocumented workers in violation of the Immigration and Naturalization Act, 8 U.S.C. § 1324.

62.   Almaden knowingly hired undocumented workers because undocumented workers would accept lower wages and less benefits.  These undocumented workers were assigned tasks which plaintiff wanted to perform.

63.   The names of the undocumented workers are: (1) Diego (last name unknown); (2) Juan (last name unknown); and (3) Jose Avila.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For back pay, front pay, and other monetary relief according to proof;

2.   For general damages in an amount according to proof;

3.   For interest on the sum of damages awarded;

4.   For punitive damages;

5.   For reasonable attorneys fees pursuant to Government Code Section 12965(b);

6.   For all unpaid wages;

7.   For treble damages pursuant to 18 U.S.C. § 1964(c);

11

COMPLAINT FOR DAMAGES

C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

8.   Pursuant to Labor Code §203, for an additional sum according to proof equal to thirty (30) days wages, as a penalty for unpaid wages for severed employees;

9.   Pursuant to Labor Code §218.6, for interest on all unpaid wages from the date such sums were due to the date of judgment hereof;

10.   For reasonable attorney fees and costs pursuant to Labor Code Section 1194(a);

11.   For damages, penalties, and attorney fees pursuant to Labor Code Section 226;

12.   For penalties pursuant to Labor Code Sections Labor Code Labor Code § 203, 210, 226, 226.3, 558, and/or 2699; all in amounts to be proven at trial;

13.   For reasonable attorney fees pursuant to Labor Code Section 2699(g)(1);

14.   For reasonable attorney fees and costs pursuant to 18 U.S.C. § 1964(c);

15.   For reasonable attorney fees and costs pursuant to Labor Code § 218.5;

16.   For any civil penalties authorized by any other statute or Wage Order section;

17.   For reasonable attorney fees pursuant to any other statute;

18.   For costs of suit herein incurred;

19.   For such other and further relief as the court may deem proper.

Dated: March 7, 2013                    POLARIS LAW GROUP LLP


By _____
   WILLIAM L. MARDER, Attorney for Plaintiff

12

COMPLAINT FOR DAMAGES

C:\Docs\SkyDrive\Documents\ray guerrero\Complaint.doc

**Exhibit 1**

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
96071-41428

COMPLAINANT NAME
Ray Guerrero

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR
STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| RESPONDENT NAME:<br>Almaden RV | AGENT FOR SERVICE NAME:<br>Chris Caprino | TELEPHONE NUMBER:<br>(408) 289-9442 |
|---|---|---|
| ADDRESS (AGENT FOR SERVICE):<br>494 Phelan Ave. | | CITY/STATE/ZIP<br>San Jose, CA 95112 |
| NO. OF EMPLOYEES/MEMBERS:<br>11 | DATE MOST RECENT DISCRIMINATION TOOK PLACE:<br>Jan 18, 2013 | TYPE OF EMPLOYER:<br>Private Employer |

CO-RESPONDENT(S):

NAME                                    ADDRESS

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

DATED March 07, 2013 At Hollister        VERIFIED BY Ray Guerrero

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Mar 07, 2013
MODIFIED: Mar 07, 2013

STATE OF CALIFORNIA

Page 1/2

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

I ALLEGE THAT I EXPERIENCED:
Discrimination

ON OR BEFORE  Jan 18, 2013

BECAUSE OF MY  Disability - including HIV and AIDS
ACTUAL OR
PERCEIVED

AS A RESULT, I WAS          Denied a good faith interactive process, Denied reasonable accommodation, Terminated

STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION:

I began employment with Almaden RV on or about March of 2011. I worked as a technician, repairing recreational vehicles ["RV"]. I was paid $22.00 per hour. The employer has approximately eleven employees. On January 20, 2012, I suffered an on-the-job injury to my left shoulder. In June of 2012, my doctor imposed work restrictions, limiting my lifting to a maximum of fifty pounds. Almaden RV ignored my restrictions. They directed me to pull wheels off an RV. The wheels weighed more than fifty pounds. Additionally, I had to remove an ABS module, which also weighed more than fifty pounds. I complained to Chris Caprino, the owner. Mr. Caprino refused to let me continue to work. There was work available which would have accommodated my restrictions, but Mr. Caprino refused to provide it to me. Instead, Mr. Caprino gave this work to undocumented workers because they were willing to do the work for less money. Thus, in June of 2012, I was completely off work. In November of 2012, I had a surgery for my left shoulder. In January of 2013, I returned to work. I returned with a restriction, limiting my lifting to a maximum of 25 pounds. Again, Mr. Caprino directed me to do work which exceeded my lifting restriction. On January 18, 2013, I was fired. The true for my reason is the employer did not want to accommodate my work restrictions.

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Mar 07, 2013
MODIFIED: Mar 07, 2013

STATE OF CALIFORNIA

Page 2/2



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Mar 07, 2013
Ray Guerrero
530 Recht Street
Hollister, CA 95023

RE: 96071-41428 - Tramontano Anthony - Right To Sue

Notice of Case Closure and Right to Sue

Dear Ray Guerrero:

This letter informs you that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective Mar
07, 2013 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the
case is still open at the end of the three-year period.

Sincerely,

Department of Fair Employment and Housing

cc: Chris Caprino, Agent for Service for Almaden RV

**EXHIBIT 2**



**POLARIS**
**LAW GROUP, LLP**
501 San Benito Street, Suite 200
Hollister, California 95023

Phone: 831.531.4211
Fax: 831.634.0333
www.polarislawgroup.com

Direct Dial: (831) 531-4214
Email: bill@polarislawgroup.com

January 22, 2013

California Labor and Workforce Development Agency
800 Capitol Mall, Suite 5000 MIC-55
Sacramento, CA 95814

Almaden RV
494 Phelan Ave.
San Jose, CA 95112

*Sent Via Certified U.S. Mail*

Re:    Notice of Labor Law Violations
       California Labor Code §§ 2699, 2699.3, 2699.5

Dear Employer and Representatives of the Labor and Work Force Development Agency:

Pursuant to California Labor Code §§2699, 2699.3, 2699.5 aggrieved employee, Ray Guerrero ("Guerrero"), hereby notifies you of the labor law violations and facts and circumstances giving rise to them, committed by Almaden RV ("the employer".)    The employer has engaged in the following violations.

Guerrero began employment with Almaden RV on or about March of 2011. Guerrero worked as a technician, repairing recreational vehicles ("RV"). Guerrero was paid $22.00 per hour. The employer has approximately eleven employees.

## Defective Pay Statements

The employer issued pay statements that were defective in two respects.

One, Guerrero and all of the employees were paid with a business check on their paydays. Paydays were weekly. However, Guerrero and the other employees were never provided pay statements as a *detachable* part of the check. This is a violation of Labor Code § 226(a).

Two, Guerrero had two Saturdays where he worked five hours on each day. Guerrero was paid $125 in cash on both days. Guerrero never received anything memorializing these hours. Also, other employees of the employer worked on Saturdays for cash without receiving anything memorializing these hours. The employer did not

Letter To Labor And Workforce Development Agency
January 22, 2013
Page Two

have the employees punch in or punch out on the time clock for this Saturday work. Because of this Saturday work which was paid in cash, Guerrero and his co-workers were issued pay statements that were inaccurate in the following respects: (1) the total hours worked was inaccurate in violation of Labor Code § 226(a)(2) because the pay statements that were issued did not reflect the hours worked on Saturday; (2) the gross wages earned was inaccurate in violation of Labor Code § 226(a)(1) because the money paid for the Saturday work was not identified on the pay statements; and (3) because the Saturday work was paid at a different hourly rate, the pay statements failed to identify all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(9).

### Overtime

On the two days when Guerrero worked on the Saturdays, he was not paid time and a half. The Saturday work caused his workweek to exceed forty hours. Likewise, the other employees who did the Saturday work were not paid time and a half. This is a violation of Labor § 510.

### Statutes Violated

The above described conduct is in violation of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 510, and 2699.

In addition to the statues identified above, Guerrero will seek penalties pursuant to Labor Code § 203, 210, 226, 226.3, 558, and/or 2699.

Very truly yours,

Polaris Law Group LLP

William L. Marder

1

2

## **PROOF OF SERVICE BY MAIL**

3

4
    Case No.

5

6
       I, the undersigned, declare:

7

8
       That I am a citizen of the United States, over the age of eighteen years, a resident of Santa Clara County, California, and not a party to the within action or cause; that my business address

9
is 111 N. Market Street, Suite 300, San Jose, California; that I served a copy of the attached which had been printed on recycled paper:

10

11
Notice of Removal

12
by placing said copy in an envelope addressed to:

13

14
William L. Marder
Polaris Law Group LLP

15
501 San Benito Street, Suite 200
Hollister, CA 95023

16
which envelope was then sealed and, with postage fully prepaid thereon, was on April 17, 2013

17
deposited in the United States mail, at San Jose, California; that there is delivery service by United States mail at the place so addressed.

18
       I declare under penalty of perjury that the foregoing is true and correct.

19
       Executed on April 17, 2013 at San Jose, California.

20

21

22
                       RONA LAYTON

23

24

25

26

27

28