**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAY GUERRERO,               )<br>                              )<br>     Plaintiff,             )<br>     v.                      )<br>                              )<br> ALMADEN RV and DOES 1 through 10,  )<br> inclusive                    )<br>                              )<br>     Defendants.            )<br>_____) | Case No.: 5:13-cv-01728-PSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL**<br><br>**(Re: Docket Nos. 20, 28, 30, 36, and 40)** |

    Before the court are five motions to compel brought by Plaintiff Ray Guerrero ("Plaintiff") seeking additional deposition responses and document production related to the immigration status of workers at Defendant Almaden RV ("Defendant").[1] Defendant opposes. Pursuant to Civil L.R. 7-1(b), the court concludes that these motions are appropriate for determination without oral argument.[2] Having considered the papers the court GRANTS Plaintiff's motions to compel.

    In the interests of expediency, the court will only briefly sketch out the background relevant to Plaintiff's motions. This case stems from Plaintiff's Fair Employment and Housing Act ("FEHA") claim that Defendant failed to accommodate Plaintiff's physical disability after

---

[1] *See* Docket Nos. 20, 28, 30, 36, and 40.

[2] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1

Case No.: 5:13-cv-01728-PSG
ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL

suffering "an on-the-job injury" to his left shoulder on January 20, 2012.[3]  In June 2012, Plaintiff's "doctor imposed work restrictions" limiting how much weight Plaintiff could lift.[4]  Plaintiff alleges that Defendant ignored those restrictions and directed Plaintiff to remove wheels and an ABS module from an RV – each of which weigh more than fifty pounds.[5]  Once the Plaintiff complained to Almaden's owner, Chris Caprino, he refused to let Plaintiff continue to work.[6]  Although there "was work available which would have accommodated plaintiff's restrictions," Mr. Caprino "refused to provide it" to Plaintiff and instead gave the "work to undocumented workers because they were willing to do it for less money."[7]

In addition to his various FEHA claims, Plaintiff also alleges "violation of RICO 18 U.S.C. § 1962 based on defendants' knowingly hiring undocumented workers in violation of the Immigration and Naturalization Act," 8 U.S.C. § 1324.[8]  In each of the motions Plaintiff seeks information related to the immigration status of other employees working at Almaden RV.  Plaintiff claims this information is relevant and necessary to determine whether Defendant knowingly violated RICO by failing to comply with 8 U.S.C. § 1324.  The immigration information Plaintiff seeks is purportedly the "only way to determine" if Defendant "actually employed people who were entitled to work in the United States."[9]  Plaintiff claims that any

---

[3] Docket No. 1, Ex. 1 at ¶ 6.

[4] *Id.* at ¶ 7.

[5] *See id.* at ¶8.

[6] *See id.*

[7] *Id.*

[8] Docket No. 20 at 3; Docket No. 28 at 3; Docket No. 30 at 3; Docket No. 36 at 3; Docket No. 40 at 3.  In light of the parallel nature of the motion practice before the court, all subsequent citations to the parties briefing will cite only to the first motion to compel (Docket No. 20) without additional parallel citation.

[9] Docket No. 20 at 4.

2
Case No.: 5:13-cv-01728-PSG
ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL

privacy interests are "outweighed by plaintiff's need to determine whether Almaden RV knowingly violated" 8 U.S.C. § 1324.[10]

Defendant responds that Plaintiff's allegation "that if Defendant had not hired undocumented workers, then there would have been a light duty position for Plaintiff to temporarily fill as a reasonable accommodation" is "fatally flawed."[11]  Because positions at Defendant's RV company needed to be filled – Defendant continues – it is reasonable to assume no jobs would have been vacant whether the workers were documented or not.

The problem with Defendant's position is that even if the case law is clear that employers are "not required to create new positions or 'bump' other employees to accommodate" disabled employees,[12] Plaintiff is explicit that he seeks discovery to support his RICO claim, not his FEHA claim.[13]  And so the court must focus on whether Plaintiff has a right to discovery related to Defendant's hiring practices to support his RICO claim that Defendant hired undocumented workers in contravention of 8 U.S.C. § 1324.[14]  The Ninth Circuit opinion in *Mendoza v. Zirkle*

---

[10] *Id.*

[11] *See* Docket No. 47 at 2.

[12] *McCullah v. S. California Gas Co.*, 82 Cal. App. 4th 495, 501 (2000) (citing *Aldrich v. Boeing Co.* 146 F.3d 1265, 1271, n.5 (10th Cir. 1998) ("Boeing is not required to create positions merely to accommodate [the Plaintiff].") and *White v. York Intern. Corp.* 45 F.3d 357, 362 (10th Cir. 1995) (the "ADA does not require an employer to promote a disabled employee as an accommodation, nor must an employer reassign the employee to an occupied position, nor must the employer create a new position to accommodate" the disabled worker)).

[13] While Defendant might have brought a Rule 12 motion challenging the adequacy of Plaintiff's complaint, Defendant elected to simply answer and proceed.  The court must therefore take the claim as plead and consider whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

[14] *See* 8 U.S.C. § 1324(a)(3) provides in pertinent part:
   (A)   Any person who, during any 12-month period, knowingly hires for employment at least 10 individuals with actual knowledge that the individuals are aliens described in subparagraph (B) shall be fined under Title 18 or imprisoned for not more than five years, or both.
   (B)   An alien described in this subparagraph is an alien who--
      (i)   is an unauthorized alien (as defined in section 1324a(h)(3) of this title), and

3
Case No.: 5:13-cv-01728-PSG
ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL

*Fruit Co.* is instructive.[15] In that case, the Ninth Circuit held that documented apple pickers had standing under RICO to challenge the hiring practices of the defendant fruit orchards and packing houses who allegedly knowingly hired undocumented apple pickers to depress wages in the apple picker market under RICO.[16]

Here, Plaintiff seeks discovery to tether his RICO claim that Defendant's failure to adequately accommodate Plaintiff's disability to Defendant's illegal hiring practices. In light of *Zirkle*, this information is relevant and discoverable. Plaintiff's motions to compel are therefore GRANTED and Defendant is ordered to provide the requested disclosure no later than December 6, 2013. Nevertheless, the court is cognizant of the privacy interests held by the nonparty workers at Almaden RV implicated by this court order. Accordingly, the parties shall meet-and-confer on a stipulated remedy to mitigate possible harm caused by the disclosure of the employees' immigration status – including redactions of personal identification information and entry of any necessary protective order.

**IT IS SO ORDERED.**

Dated: November 7, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

(ii)   has been brought into the United States in violation of this subsection.

[15] 301 F.3d 1163 (9th Cir. 2002).

[16] *See id.* at 1166-67.